IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JAMES M. PAUL, *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | CIVIL No. 12-cv-2024-JKB |
| DELAWARE LANDSCAPE CONSTRUCTION, LLC, *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

James M. Paul, Patricia G. Paul and Melva W. Martin ("Plaintiffs") brought this action against Delaware Landscape Construction, LLC ("DLC") and Hertz Equipment Rental Corp. (collectively with DLC, "Defendants") alleging state law claims for negligence, strict liability and loss of consortium. Now pending before the Court are DLC's motion to dismiss the complaint for lack of personal jurisdiction (ECF No. 5), DLC's motion to dismiss Hertz's cross-claims for lack of personal jurisdiction (ECF No. 13) and Plaintiffs' motion for leave to file a surreply (ECF No. 18). The issues have been briefed and no hearing is required. Local Rule 105.6. For the reasons set forth below, DLC's motions will be GRANTED to the extent that the case will be TRANSFERRED to the United States District Court for the District of Delaware, and Plaintiffs' motion will be DENIED AS MOOT.

I. BACKGROUND

According to the complaint, on July 20, 2011, Plaintiffs were involved in an accident with a truck driven by a DLC employee while Plaintiffs were traveling south on Route 113 near

Selbyville, in the State of Delaware. (Compl. ¶¶ 1, 6; ECF No. 1.) Plaintiffs allege that the DLC employee lost control of his truck, "veered across a median," and collided with the car in which Plaintiffs were riding. (*Id.* ¶¶ 17, 18.) At the time of the accident, the DLC employee was using the truck—which DLC leased from Defendant Hertz—to transport sod from a sod farm that straddles the border between Maryland and Delaware.

On July 9, 2012, Plaintiffs filed this suit, alleging state law claims for negligence, strict liability and loss of consortium. On August 1, 2012, Defendant DLC moved to dismiss Plaintiffs' complaint for lack of personal jurisdiction. (ECF No. 5.) On August 17, 2012, Defendant Hertz answered Plaintiffs' complaint and filed cross-claims against DLC for contribution, common law indemnity, contractual indemnity and breach of contract. (ECF No. 10.) On September 7, 2012, Defendant DLC moved to dismiss Hertz's cross-claims for lack of personal jurisdiction. (ECF No. 13.) On November 18, 2012, Plaintiffs moved for leave to file a surreply to address DLC's new argument that the Court should transfer this case even if it has personal jurisdiction over DLC. (ECF No. 18.)

## II. LEGAL STANDARD

A motion to dismiss under FED. R. CIV. P. 12(b)(2) is a test of the court's personal jurisdiction over the defendant. "[W]hen, as here, the court addresses the question [of personal jurisdiction] on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a *prima facie* showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005) (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). The court must construe the relevant allegations in the light most favorable to the plaintiff. *Id.*

## III. ANALYSIS[1]

"A federal court sitting in diversity has personal jurisdiction over a non-resident defendant if (1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993). Maryland courts have consistently held that Maryland's long arm statute "is coextensive with the limits of personal jurisdiction set by the due process clause of the Federal Constitution. *Beyond Sys., Inc. v. Realtime Gaming Holding Co., LLC*, 878 A.2d 567, 580 (Md. 2005). For that reason, the "statutory inquiry merges with [the] constitutional examination. *Id.*

Plaintiffs do not argue that DLC's contacts with Maryland are sufficiently continuous and systematic to support general jurisdiction in this state. Indeed, DLC has negligible contacts with Maryland. In 2011, the year during which the accident occurred, DLC performed no work in Maryland and derived no revenue from activities in Maryland. (Def. Br. at 8, ECF No. 5.)[2] Instead, Plaintiffs assert that the Court has specific personal jurisdiction over DLC.

The Fourth Circuit has set down a three-part test for evaluating whether the assertion of specific jurisdiction is consistent with constitutional due process: the court must consider "(1) the extent to which the defendant purposely availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State;

---

[1] The Court raised the issue of its subject matter jurisdiction to hear this case *sua sponte* in a letter to the parties. (ECF No. 19.) The parties submitted affidavits in connection with this issue (ECF Nos. 20, 21, 22), and the Court holds that it has subject matter jurisdiction to resolve Plaintiffs' claims under 28 U.S.C. § 1332. With certain exceptions, diversity jurisdiction "requires complete diversity among the parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). Plaintiffs are citizens of Maryland. (*See* ECF No. 22.) Defendant DLC is a citizen of Delaware. *See Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004); *see also* ECF No. 20. Defendant Hertz is a citizen of Delaware and New Jersey. *See* 28 U.S.C. § 1332(c)(1); *see also* ECF No. 21.

[2] DLC acknowledges that it performed one project in Maryland during 2012, but DLC's president swore in his affidavit that this project accounted for less than 4% of the company's annual revenue.

3

and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009). The first prong of this test "articulates the minimum contacts requirement of constitutional due process that the defendant purposely avail [it]self of the privilege of conducting business under the laws of the forum state." *Id.* Plaintiffs have failed to allege facts sufficient to make a *prima facie* showing under this first prong.

Plaintiffs offer two facts in support of their argument that DLC purposely availed itself of the protection of the laws and courts of Maryland: (1) the sod fields of the farm from which DLC purchased its sod are located in Maryland (Pls.' Opp. Br. at 3, ECF No. 11); and (2) DLC leased the truck from Defendant Hertz at a site in Forestville, Maryland (*id.* at 4). These facts are insufficient to support personal jurisdiction in Maryland.

It appears that the sod farm straddles the boundary between Delaware and Maryland, and Plaintiffs have offered no facts suggesting that DLC knew that the farm's fields are in Maryland. More importantly, the farm's business address is in Delaware, and DLC usually placed its orders with the farm by calling its telephone number, which has a Delaware area code. (Def. Reply Br. at 2, ECF No. 15.) These facts create serious doubt that DLC had "fair warning" that its purchases from the farm would subject it to the jurisdiction of Maryland courts, or even that DLC "purposely directed" its activities at a resident of Maryland. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985).

In addition, DLC did not travel into Maryland to procure the truck; instead, Hertz—which is not incorporated in Maryland and does not keep its principal place of business in Maryland—delivered the truck to DLC at its office in Delaware. (Def. Reply Br. at 4.) Finally, DLC's lease agreement with Hertz for the truck in question is governed by New Jersey law.

4

(Def. Br. at 8.) DLC's incidental contacts with Maryland do not demonstrate that DLC created a substantial connection with Maryland or purposely availed itself of the benefits and protections of Maryland law. *See Burger King*, 471 U.S. at 475-76. Therefore, this Court lacks personal jurisdiction over DLC.

In light of this holding, and in the interests of justice, the Court will transfer this case to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1406(a). *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962) (affirming the transfer of a case over which the transferor court lacked personal jurisdiction).

## IV. CONCLUSION

Accordingly, an order shall issue GRANTING DLC's motion to dismiss the complaint for lack of personal jurisdiction (ECF No. 5) and DLC's motion to dismiss Hertz's cross-claims for lack of personal jurisdiction (ECF No. 13), to the extent that it shall DIRECT the clerk to transfer the case to the United States District Court for the District of Delaware. In addition, the order shall DENY AS MOOT Plaintiffs' motion for leave to file a surreply (ECF No. 18), although the Court fully considered the arguments and contentions set out therein in resolving this dispute.

Dated this 7th day of December, 2012

BY THE COURT:

/s/
James K. Bredar
United States District Judge